## G. W. WILLIAMS, Jr., Respondent, v. A. R. NEWCOMB, Appellant.

### June 27, 1884.

1. EJECTMENT — SUIT TO QUIET TITLE — BAR TO ACTIONS.— A suit to quiet title, subsequently dismissed on the pleadings, by A against B, in which B alleges title in C, is not a bar to a proceeding in ejectment.

2. —— UNLAWFUL DETAINER — EVIDENCE — RES JUDICATA.— A former recovery in unlawful detainer by the defendant in ejectment against the plaintiff, is inadmissible to support a plea of *res judicata* as to the issue in ejectment.

3. Evidence — Hearsay. — Hearsay evidence may be admissible to establish pedigree.

Appeal from the St. Louis Circuit Court, Lubke, J. *Affirmed.*

T. A. Russell and E. P. Johnson, for the appellant: The judgment in the suit to quiet title was improperly rejected when offered in evidence. — *Strong* v. *Insurance Co.,* 62 Mo. 295. In equity the dismissal of a bill on hearing is always a final judgment, and a bar between the parties (Freem. on Judg., sect. 270); and in cases at law, where the dismissal or other order is on the merits of the case, it is a final and binding judgment, notwithstanding any informality of the entry. — *Leete* v. *Sherwood,* 21 Cal. 151–164; *Campbell* v. *Mayhugh,* 15 B. Mon. 145; *Zoller* v. *McDonald,* 23 Cal. 136; *Black* v. *Rogers,* 75 Mo. 441; *Granger* v. *Singleton,* 32 La. An. 898; *Best* v. *Hoppie,* 3 Colo. 137; *Elwell* v. *McQueen,* 10 Wend. 519; *Zimmerman* v. *Zimmerman,* 15 Ill. 84; *Gillilan* v. *Spratt,* 8 Abb. Pr. (N. s.) 14; *Brown* v. *Kirkbride,* 19 Kan. 588; *Spurlock* v. *Missouri Pacific Railway Co.,* 76 Mo. 67; *Tutt* v. *Price,* 7 Mo. App. 197. And further, privies in blood, in estate, or in law, are estopped from litigating that which is conclusive upon him with whom they are in privity, so that this plaintiff is barred by the proceedings against his grantors, as effectually as if he had been a defendant in the proceedings. — *Cooley* v. *Warren,* 53 Mo. 169; *Strong* v. *Phœnix Insurance Co.,* 62 Mo. 295; *Crispen* v. *Hannavan,* 50 Mo. 418; *Chouteau* v. *Gibson,* 76 Mo. 38, 46, 47; *Landis* v. *Hamilton,* 77 Mo. 554–565; *Henry* v. *Woods,* 77 Mo. 277–280. Recitals in a deed are incompetent to prove pedigree. — *Fine* v. *Public Schools,* 30 Mo. 166; *Fort* v. *Clark,* 1 Russ. 601; *Slaney* v. *Wade,* 1 M. & C. 338; 2 Whart. on Ev., sect. 1042, note 6; 1 Taylor on Ev., sect. 80: 1 Greenl. on Ev., (13th ed.) sect. 23, p. 29, note 2; *Murphy* v. *Loyd,* 3 Whart. 538; *Clevinger* v. *Hill,* 4 Bibb, 498; *Hill* v. *Draper,* 10

Barb. 462; *Hardenburgh* v. *Larkin*, 47 N. Y. 111, 112; *Yahoola Mining Co.* v. *Jobey*, 40 Ga. 479; *Hanks* v. *Philips*, 39 Ga. 550; *Carver* v. *Jackson*, 4 Pet. (29 U. S.) 83.

FREDERICK A. CLINE, for the respondent: The judgment in unlawful detainer was not a bar to the action of ejectment. — *Carter* v. *Scoggs*, 38 Mo. 302–305. The recitals in the deed were properly admitted to prove pedigree.— *Jackson* v. *Cooley*, 8 Johns. 128; *James* v. *Letzler*, 8 W. & S. 192; *Bowser* v. *Cravener*, 56 Pa. St. 132; *Scharff* v. *Keener*, 64 Pa. St. 376; *Doe* v. *Phelps*, 9 Johns. 169; *Little* v. *Pallister*, 4 Greene (N. J.), 209. Hearsay evidence was properly admitted for the same purpose. *Birney* v. *Hann*, 3 A. N. Marsh. 323; *McReynolds* v. *Longenberger*, 57 Pa. (7. P. F. Smith) —; *B. Eaton* v. *Tallmadge*, 24 Wis. 217; *In re Hall's Deposition*, 1 Wall. 85; *Gregory* v. *Baugh*, 4 Rand. 611; *s. c.* 2 Leigh, 665; *Jackson* v. *Cooley*, 8 Johns. 128.

LEWIS, P. J., delivered the opinion of the court.

This is an action of ejectment. It is admitted that the title of the premises sued for was in Zachariah Wilson, who died in 1836. At a period of his life, his marriage relations were somewhat mixed, so that the plaintiff in this case finds grounds for asserting that David S. Wilson (born in Maryland prior to 1815) was his son and only heir, while the defendant claims that he left a daughter, Cynthia E. (born in Missouri in 1820), who married Abner W. Dyer in 1836, and died in 1869, leaving children and her husband surviving; and that the husband died in 1870. The plaintiff claims possession in a chain of grantors and grantees, reaching down to him, under a color of title derived from David S. Wilson, for a length of time sufficient to ripen it into a complete title. The instructions given to the jury fairly submitted the proper hypotheses which should sustain this claim under the statute of limitations, unless the several defences which will be hereinafter noted, or some of them,

may be found sufficient to defeat it. Verdict and judgment were for the plaintiff.

Before the commencement of the present suit, this defendant instituted a proceeding, under Revised Statutes, section 3562, against parties under whom the plaintiff claims, "to quiet title." Pending that proceeding, the defendants therein conveyed to the present plaintiff. Their answer set up that conveyance, alleging that they now claimed no further interest in the land. The court dismissed the suit on the face of the pleadings; it appearing therefrom " that the defendants in this cause have not alleged any title to the property in controversy." The defendant here seems to be of opinion that that proceeding and dismissal should somehow operate as a bar to the present suit. Upon what reasonable ground such an opinion may rest, we are unable to perceive. The doctrine of *lis pendens* operates to secure to a party the fruition of a right in litigation, if the final judgment shall be in his favor. If, in the proceeding to quiet title, there had been a judgment directing the defendants to sue upon their alleged title within a time limited, or be forever barred, the law of *lis pendens* might perhaps have been invoked to impose a like duty, or alternative disability, on the defendant's grantee, who became such pending the litigation. But no such judgment was rendered, nor any judgment which determined any right, except as against the plaintiff therein (defendant here) to compel the institution of a suit. Both parties were left where they were at the beginning. The then defendants distinctly announced their transfer, and the court properly refused to compel them to sue upon a title which they no longer held.

The then plaintiff, instead of following up the transfer, and making the transferees parties, submitted to the dismissal, and went out of court without any adjudication of the rights claimed. It is a waste of time to discuss the proposition, that such a procedure could leave any trace of influence to affect a subsequent suit in ejectment.

On November 29, 1881, the present defendant instituted forcible entry and detainer against the present plaintiff, laying possession and entry on the day next preceding. His suit was sustained in a final judgment of the circuit court, rendered on May 17, 1882. We are asked to say that this proceeding should be entertained in the defence of *res judicata*, against the present suit in ejectment. This is impossible. Actual possession of real property is one thing. The right of possession, founded upon ownership, is another thing. Forcible entry and detainer may determine the first of these, but never the second. If the question here were, whether, on November 28, 1881, the defendant was in actual and peaceable possession of the premises sued for, he could point triumphantly to his judgment in forcible entry and detainer, as a conclusive answer in his favor. But that is not an issue in the present case' and has not the least relevancy to the matter in litigation. It might, indeed, have a very remote bearing in favor of the plaintiff's case, since he must prove, in order to recover, that the defendant was in actual possession when this suit was begun. According to the evidence, the instructions and the findings of the jury upon them, considered together, the prior possession of the plaintiff and those under whom he claimed, had ripened into a title several years before November 28, 1881. The judgment in forcible entry and detainer, therefore, antagonizes this, only in so far as to show that the defendant had the possession, while the plaintiff had the title, to wit, on the date just mentioned. There is nothing in the defence.

Objection was made to the admission of a recital in a deed from David S. Wilson to one of the grantees under whom the plaintiff claims, as evidence that he was a son of Zachariah Wilson, and to the admission of certain ancient affidavits and other papers found among the effects of Zachariah Wilson, after his death, by his legal representatives, all of which tended to establish the same fact. So far as

we can discover, these papers were all within the exceptional rules of evidence relating to pedigree. But, were they not strictly admissible under those rules, upon a direct issue of inheritance, they might still be properly introduced to sustain a mere color of title, so as to vitalize the statute of limitations. This, of course, does not require an unquestionable title in the grantor under whom the party in possession claims. Said the court, in *Jackson* v. *Cooley* (8 Johns. 128): "Testimony as to pedigree is not to be tested by the ordinary rules of evidence. The subject necessarily requires relaxation of those rules; and it is of course always treated as an excepted case. Hearsay evidence, or anything which shows a general reputation, is admissible to establish pedigree. The declarations of persons who from their situation were likely to know, are competent evidence; and so, too, the recitals in deeds, though not admissible in other cases, are competent to prove pedigree." We do not perceive that there was error in the admission of the testimony here complained of.

The defendant asked for twenty-five instructions, which cover fifteen pages of the transcript. Of these, nine were refused, and six were given with modifications, to which the defendant excepted. If all had been free from objection, we might be disinclined to reverse a judgment, because of the court's refusal to burden a jury with such a weight of legal disquisition, in a case involving no difficult complications of title. We have, however, patiently examined all the instructions, given and refused, and find that the court's action upon them placed the case as fairly as possible before the jury, and excluded nothing to which the defendant was properly entitled. With the concurrence of all the judges, the judgment is affirmed.